UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY REIS d/b/a CPS,<br><br>                    Plaintiff,<br><br>v.<br><br>TAVANT TECHNOLOGIES, INC.; and HASSAN RASHID,<br><br>                    Defendants. | Case No.: 19-cv-609-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by Defendants Tavant Technologies ("Tavant") and Hassan Rashid. (ECF No. 3).

## I.    BACKGROUND

      On April 2, 2019, Plaintiff Cathy Reis d/b/a CPS, proceeding *pro se*, initiated this action by filing a Complaint. (ECF No. 1). Reis alleges that CPS entered into a contract with Defendant Tavant on or about January 12, 2013 (the "Agreement").[1] Reis alleges that

---

[1] Defendants request the Court "incorporate by reference" the Agreement between Tavant and CPS. (ECF No. 3-1 at 8 n. 2). Defendants attach a copy of the Agreement as "Exhibit A" to the Declaration of Eric J. Ball in Support of Defendants' Motion to Dismiss. (Ball Decl., ECF No. 3-3, Exhibit A). Under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quotation omitted). The "incorporation by reference" doctrine has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Reis references the Agreement in the Complaint, her claims relate to the contents of the Agreement, and no party questions the authenticity of the Agreement. Defendants' request is granted.

CPS expanded Tavant's client base. Reis alleges that Tavant "signed the prospect agreement for commissions and has failed to compensate CPS." (ECF No. 1 at 2).

Reis alleges that "The Copywrite Program LOANPlus" is "CPS trade secrets and ReisIP." Reis alleges that she is the copyright holder and "assigned" the "1991 registered copyright model" to CPS. Reis alleges that she "introduced her 1991 copyright [] and CPS TRADE SECRET protected models to Tavant Technologies, as a way to increase its usage and began its implementation." (ECF No. 1 at 2). Reis alleges that LOANPlus is an "exact replica" of Tavant's "finconnect velox program." Reis alleges that the finconnect velox program has been adopted nationwide. Reis alleges that Tavant is using her copyright model without her express permission, along with others in the mortgage industry. *Id.*

Reis alleges that prior to the Agreement with Tavant, she entered into a contract with Defendant Rashid. Reis alleges that her contract with Rashid is an "email MUTUAL NDA dated 2004." *Id.*

Reis alleges "VIOLATIONS OF THE PROVISIONS OF THE UNITED STATES COPYRIGHT ACT, 17 U.S.C. § 501, ET SEQ.; AND VIOLATION OF CPS TRADE SECRETS." *Id.* Reis seeks injunctive relief and "royalties owed" for the "adoption of Reis 1991 Registered Copyright business model." Reis also seeks damages and "related relief" against Tavant. (ECF No. 1 at 3).

On June 26, 2019, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3). (ECF No. 3). Defendants contend that Reis fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Defendants contend that Reis's Complaint is conclusory, fails to allege essential elements of the claims, and fails to allege facts establishing that Defendants engaged in wrongful conduct. Defendants contend that venue in this district is improper under Rule 12(b)(3). Defendants contend that Reis's claims are based on a contract with Tavant that contains a forum selection clause in which the Parties agreed to file suit in the Northern District of California. In the alternative, Defendants request that

the Court order Plaintiff to provide a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 3 at 1).

On July 23, 2019, Reis filed a Response in Opposition to Defendants' Motion to Dismiss and a "Motions for Injunctions Declaration in Support of Motion for Injunctions." (ECF No. 9). Reis contends that her Complaint meets the pleading standards of Rule 12(b)(6). *Id.* at 10. Reis contends that venue is proper because the registered copyright has a San Diego address. Reis is not a party to the Agreement with Tavant, so she is not bound by the forum selection clause. *Id.* at 6.

On July 29, 2019, Defendants filed a Reply. (ECF No. 10).

## II. RULE 12(b)(6) – FAILURE TO STATE A CLAIM

Defendants move the Court to dismiss Reis' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3-1 at 13).

### A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

3

19-cv-609-WQH-JLB

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im* plausible.").

### B. <u>Copyright Infringement Claim</u>

Defendants contend that Reis fails to state a claim for copyright infringement. Defendants contend that Reis fails to identify the copyrighted work at issue. Defendants contend that Reis fails to state facts that show Defendants copied protected elements of Reis's copyrighted work. *Id.* at 15. Reis contends that the Complaint "states factual allegations of essential elements of established legal theories. The complaint is not conclusory." (ECF No. 9 at 10).

To state a claim for copyright infringement, a plaintiff must show "that he or she owns the copyright and that the defendant copied protected elements of the work." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted). "The protected elements of a work are those elements which are 'original,' which is to say that they are the product of 'independent creation, not novelty.'" *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 636 (9th Cir. 2008) (quoting *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109 (9th Cir. 1970)).

Reis fails to identify the copyrighted work at issue or state facts from which the Court can infer the work at issue. Reis refers to "1) the "1991 copyright;" 2) "the program;" 3) "Reis 1991 registered copyright model;" and "The Copywrite Program LOANPlus" (ECF No. 1 at 2) but states that she "authored CPSHUBLINK, Tavant fin connect in 1991 and received a copyright registration" (ECF No. 9 at 11). Attached to Reis's Complaint as "Exhibit C" is a photocopy of a "Certificate of Copyright Registration." The Certificate shows that the title of the copyrighted work is "Contract [illegible] Center." The handwritten response in the "Nature of Authorship" section of the Certificate is illegible. (ECF No. 1, Exhibit 3 at 1). Reis makes no reference to "Contract [illegible] Center" in her allegations. The conclusory allegations in Reis' Complaint are inconsistent with the Certificate of Copyright Registration. Reis fails to identify the "work" Defendants allegedly copied.

Reis fails to state facts from which the Court can infer that Reis is the copyright owner. Reis alleges that "The Program, ie Reis 1991 registered copyright model is a trade secret business model of CPS assigned by Reis, the copyright holder." (ECF No. 1 at 2). Taking this allegation as true, Plaintiff lacks standing to sue for infringement of the 1991 registered copyright model.[2] CPS is the proper plaintiff. *See Parfums Givenchy, Inc. v. Drug Emporium, Inc.*, 38 F.3d 477, 484 (9th Cir. 1994) (the assignee of a copyright interest, rather than the assignor, is the proper plaintiff to assert a copyright infringement claim).

"Generally, a shareholder does not have standing to redress an injury to the corporation." *Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983) (collecting cases). Similarly, members of a limited liability company do not have standing to bring claims for injuries to the company. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1036-37 (9th Cir. 2010). CPS is "a Delaware Company." Reis, as "CEO" of CPS, cannot bring suit for enforcement of CPS's rights. (Ball Decl., Exhibit A, ECF No. 3-3 at

---

[2] To the extent Reis alleges a violation of the Agreement, Reis lacks standing to sue. Reis is not a party to the Agreement. (Ball Decl., Exhibit A, ECF No. 3-3).

2). CPS cannot represent itself, nor can Reis represent CPS. *See* Civil Local Rule 83.3(j) ("Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney . . . .").

Taking the factual allegations in the Complaint as true, Reis fails to state a claim for copyright infringement. Defendants' motion to dismiss Reis' claim for copyright infringement is granted.

### C. Trade Secret Misappropriation Claim

Defendants contend that Reis fails to state a claim for trade secret misappropriation. (ECF No. 3-1 at 18). Defendants contend that Reis fails to identify any trade secret. Defendants contend that Plaintiff fails to state facts showing Reis kept any information secret. Defendants contend that Plaintiff fails to state facts showing Defendants misappropriated any trade secret. *Id.* at 19. Reis contends that "[t]he allegations are specific and provides the description of the nature of the dispute and provides the essential elements of established legal theory." (ECF No. 9 at 10).

In order to state a claim for trade secret misappropriation under California's Uniform Trade Secrets Act ("CUTSA") or the federal Defend Trade Secrets Act ("DTSA"), a plaintiff must show that 1) the plaintiff owned a trade secret; 2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means; and 3) the defendant's actions damaged the plaintiff. *CytoDyn of New Mexico, Inc. v. Amerimmune Pharm., Inc.*, 160 Cal. App. 4th 288, 297 (2008) (quoting *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003)); 18 U.S.C. § 1836. The DTSA additionally requires a connection to interstate or foreign commerce. 18 U.S.C. § 1836(b)(1). A "trade secret" under the CTUSA and DTSA is information that "(1) [d]erives independent economic value . . . from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code. § 3426.1(d); 18 U.S.C. §§ 1839(3)(A) and (B). The party asserting a misappropriation of

trade secrets "must identify the trade secrets and carr[ies] the burden of showing that they exist." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 2993).

Reis fails to "identify the trade secret[]." *Id.* Reis makes the conclusory allegation that the 1991 copyright model is a "trade secret." (ECF No. 1 at 2). Reis fails to state facts that show the copyright model derives value from not being generally know and is the subject of reasonable efforts to maintain its secrecy. Cal. Civ. Code. § 3426.1(d); 18 U.S.C. §§ 1839(3)(A) and (B). Reis's allegations that Tavant uses the copyrighted work "along with many others in the mortgage industry" and that the "finconnect velox program has now been widely adopted nationwide" undermine any claim Reis asserts for trade secret misappropriation. (ECF No. 1 at 2).

Reis fails to allege facts that show she is the owner of a trade secret. Reis alleges that the trade secret belongs to CPS. *See* ECF No. 1 at 2 (the copyright is a "trade secret business model of CPS;" LOANPlus was recognized "as CPS trade secrets;" and Reis introduced "CPS TRADE SECRET protected models to Tavant"). Reis's brings a claim for "VIOLATION OF CPS TRADE SECRETS." Reis cannot bring a trade secret misappropriation claim on CPS's behalf. *Shell Petroleum, N.V.*, 709 F.2d at 595; *Coto Settlement*, 593 F.3d at 1036-37 (9th Cir. 2010). Reis fails to meet her burden to allege facts sufficient to state a claim for trade secret misappropriation. Defendants' motion to dismiss Reis' claim for misappropriation of trade secrets is granted. The other issues raised by Defendants are moot.

///

///

///

///

## III. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 3) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff shall file any motion for leave to amend the Complaint within 30 days of the date of this Order pursuant to Civil Local Rule 15.1. If no motion is filed, the Clerk of Court shall close the case.

Dated: November 5, 2019

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court